HEMMETER CENTER COMPANY, Hyatt Corporation and Industrial Insurance Company of Hawaii, Ltd., Plaintiffs,

v.

GLOBE ILLUMINATION COMPANY, Universal Manufacturing Corporation, John Does 1–10, Jane Does 1–10, Doe Partnerships 1–10, Doe Corporations 1–10, Roe "Non-Profit" Corporations 1–10 and Roe Governmental Entities 1–10, Defendants.

Civ. No. 82–0162.

United States District Court, D. Hawaii.

Dec. 30, 1982.

David J. Dezzani, Thomas W. Williams, James J. Bickerton, Goodsill Anderson & Quinn, Honolulu, Hawaii, for plaintiffs.

Edmund Burke, Emilia M. DeMeo, Burke, Ashford, Sakai, McPheeters, Bordner & Gilardy, Honolulu, Hawaii, for defendant Universal Mfg. Corp.

Sidney K. Ayabe, Jeffrey H.K. Sia, Libkuman, Ventura, Ayabe & Hughes, Honolulu, Hawaii, for defendant Globe Illumination Co.

Carleton B. Reid, Davis, Playdon, Reid & Richards, Honolulu, Hawaii, for third-party defendant Texas Instruments, Inc.

OPINION AND ORDER

SAMUEL P. KING, Chief Judge.

Plaintiffs Hemmeter Center Company, Hyatt Corporation and Industrial Insurance Company of Hawaii, Ltd. have filed a Motion to Remand on the grounds that removal from state court was improvidently granted.

This is a products liability action arising out of a fire at the Hyatt Regency on January 11, 1980. The complaint was originally filed in state court. At that time, the plaintiffs received permission to proceed against unidentified Doe defendants. The case was then removed to federal court; jurisdiction was based on diversity of citizenship. The named defendants are citizens of New Jersey and California; all plaintiffs are citizens of Hawaii. Plaintiffs now assert that Halfhill Electric Co. and Pacific Electric Sales Agency, Inc., both incorporated in Hawaii, are Doe Corporations I and II, and that they were part of this action from its inception due to the state court order allowing them to proceed against unidentified defendants. Plaintiffs allege that the inclusion of nondiverse parties destroyed diversity jurisdiction at the time of removal.

In order to defeat diversity jurisdiction, allegations concerning Doe defendants must be sufficiently specific to provide some clue as to the identity of the Does. *See Hartwell Corp. v. Boeing Co.,* 678 F.2d

842, 843 (9th Cir.1982); *Asher v. Pacific Power and Light Co.,* 249 F.Supp. 671, 675–76 (N.D.Cal.1965). The description of the Doe defendants in the complaint is as follows:

> Defendants JOHN DOES 1–10, JANE DOES 1–10, DOE PARTNERSHIPS 1–10, DOE CORPORATIONS 1–10, ROE "NON–PROFIT" CORPORATIONS 1–10, and ROE GOVERNMENTAL ENTITIES 1–10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to plaintiffs except that they are connected in some manner with the named defendants and/or were the agents, servants, employees, employers, representatives, coventurers, associates, vendors, vendees, suppliers, manufacturers, subcontractors or contractors and/or owners, lessees, assignees, licensees, designers or engineers of the named defendants and/or were in some manner presently unknown to plaintiffs engaged in the activities alleged herein and/or were in some manner responsible for the losses or damages to plaintiffs; and/or manufactured and/or designed and/or placed on the market a product which was defective, which defect was a proximate cause of losses or damages to plaintiffs; and/or installed and/or inspected and/or maintained and/or repaired and/or controlled some object or product in a negligent manner, which negligence was a proximate cause of losses or damages to plaintiffs; and/or conducted some activity in a negligent manner, which negligent conduct was a proximate cause of losses or damages to plaintiffs and/or was in some manner related to the named defendants; and plaintiffs pray leave to amend this complaint to insert therein their true names, identities, capacities, activities and/or responsibilities when the same are ascertained.

The language in the complaint is designed to cover every possible entity who could in any way be liable for the damages alleged, and is not sufficiently specific to give a clue as to whom it pertains. If this case is remanded to the state court on the basis of the boilerplate contained in this complaint, then all that would be necessary to defeat federal jurisdiction and removal would be the inclusion of such a clause in every complaint filed in state court.

The plaintiffs cite *Littlefield v. Continental Casualty Co.,* 475 F.Supp. 887 (C.D.Cal. 1979) in support of their contention that the allegations in their complaint adequately describe the Doe defendants. In *Littlefield,* the defendants were described as the "agent[s] or employee[s] of the defendant, acting within the purpose and scope of [their] agency or employment." That description is substantially more specific than the "and/or" allegations in the present complaint.

The court recognizes that denial of this motion may preclude the plaintiffs from pursuing Halfhill Electric Company and Pacific Electrical Sales Agency, Inc. However, the court does not believe that the allegation in the complaint was sufficient to destroy diversity at the time of removal.

IT IS THEREFORE ORDERED that plaintiffs' Motion to Remand is DENIED.