**Steve REASONER, Steve Tidwell, Sandy Tidwell and Troy Tidwell, Plaintiffs,**

v.

**AETNA LIFE INSURANCE COMPANY, et al., Defendants.**

**Civ. No. 84–1130–JLI(M).**

United States District Court, S.D. California.

July 13, 1984.

David D. Martin, Cohen & Martin, San Diego, Cal., for plaintiffs.

Mary Lynne Perry, Gibson, Dunn & Crutcher, San Diego, Cal., for defendants.

## MEMORANDUM DECISION AND ORDER

IRVING, District Judge.

Defendant AETNA's motion to dismiss all DOE defendants and plaintiffs' motion for remand came on for hearing on June 11, 1984. David D. Martin appeared on behalf of the plaintiffs; Mary Lynne Perry appeared on behalf of defendant AETNA. Having considered the pleadings, the papers submitted in support of and in opposition to the motions, and the oral argument of counsel, the court hereby denies AETNA's motion to dismiss and grants plaintiffs' motion for remand.

### FACTS

Plaintiffs filed suit against AETNA and DOES 1 through 100 in California Superior Court for breach of statutory duties imposed by California Insurance Code § 790.-03. AETNA then removed the case to federal court based on diversity of citizenship. Plaintiffs are citizens of California; AETNA is a citizen of Connecticut.

The DOE defendants are identified in the complaint as "agents, employees or servants" of a defendant and as "individuals and entities engaged in the business of insurance." Complaint, ¶¶ 4, 18. More specifically, plaintiffs indicate that some of the DOEs are AETNA claims processors. *Id.* at ¶ 17. AETNA seeks dismissal of all DOE defendants on the ground that no cause of action under § 790.03 can be stated against them. Plaintiffs seek remand to state court on the ground that a cause of action can be stated against the DOEs under § 790.03 such that once they are identified, diversity will be destroyed.

## DISCUSSION

California Insurance Code § 790.01 provides that the statutory duties embodied in § 790.03 apply to:

> reciprocal and interinsurance exchanges, Lloyds insurers, fraternal benefit societies, fraternal fire insurers, grants and annuities societies, insurers holding certificates of exemptions, motor clubs, nonprofit hospital associations, agents, brokers, solicitors, surplus line brokers and special lines surplus line brokers *as well as all other persons engaged in the business of insurance.*

Cal.Ins.Code § 790.01 (West 1972) (emphasis added). AETNA contends that its agents and employees do not fall within the ambit of § 790.01.

No California state court has squarely addressed the question.* This court, therefore, must construe the statute as it believes the highest court of the state would, if faced with the question, after giving "proper regard" to relevant rulings of lower state courts. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 467, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967); *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

In *Colonial Life & Accident Insurance Co. v. Superior Court*, 31 Cal.3d 785, 788 n. 1, 183 Cal.Rptr. 810, 647 P.2d 86 (1982), the California Supreme Court implied that § 790.03 applies to employees as well as insurance companies. The action was brought against Colonial (the insurance company), Equifax (Colonial's independent claims adjuster), and Sharkey (an individual employee of Equifax) for breach of contract, breach of common law duty, and violation of § 790.03. The court noted that Equifax and Sharkey were named only in the statutory cause of action, and cited the leading case holding the common law duty applicable only to signatories to the contract. The clear implication was that while Equifax and Sharkey could not be liable for breach of common law duty because they were not signatories to the contract, they *could* be liable for breach of § 790.03's statutory duties that do not depend on a contract for their origin.

It is also of some significance that several California courts have allowed plaintiffs to proceed under § 790.03 against individual employees of insurance companies, although they have not addressed the question of whether a cause of action was properly stated. *See, e.g., Johnson v. Threats*, 140 Cal.App.3d 287, 289, 189 Cal.Rptr. 447 (1983) (complaint seeking damages under § 790.03 from State Farm and two of its employees). Thus, this court concludes that the California Supreme Court, if faced with the question, would hold § 790.03 applicable to insurance company employees.

Although the complaint could have identified the DOE defendants with greater particularity, the court finds that at least some of them are sufficiently identified for AETNA to determine who they are. "The burden, therefore, falls on [AETNA] to show that the DOE defendants are not citizens of California." *Littlefield v. Continental Casualty Co.*, 475 F.Supp. 887,

---

\* This court is aware of *Palmer v. R.L. Kautz & Co.*, 141 Cal.App.3d 155, 166–67, 190 Cal.Rptr. 139 (1983) in which the California Court of Appeal held that "not only insurance companies, but also companies engaged in claims handling together with their employee claims representatives, handling claims for or on behalf of insurance companies, are 'persons engaged in the business of insurance.'" *Palmer*, however, has been ordered "de-published" by the California Supreme Court and thus has little, if any, precedential value.

889 (C.D.Cal.1979). Since the facts of this case suggest that the DOEs are in fact residents of California, the court finds that the DOE allegations in the complaint destroy diversity such that the case must be remanded to state court. *Id.; accord Goldberg v. CPC International, Inc.,* 495 F.Supp. 233 (N.D.Cal.1980).

IT IS SO ORDERED.