**Norman D. ZUELLIG and Beverly C. Zuellig, his wife, individually, Plaintiffs,**

**v.**

**MARATHON OIL COMPANY, an Ohio Corporation, and John Doe, Jointly and Severally, Defendants.**

**Civ. No. 86–CV–74516–DT.**

United States District Court,
E.D. Michigan, S.D.

Dec. 8, 1986.

---

Frank Penirian, Detroit, Mich., for plaintiffs.

Ronald DeNardis, Detroit, Mich., for defendants.

## ORDER OF REMAND

COHN, District Judge.

This is a personal injury action removed from the Wayne County Circuit Court on the grounds of diversity by defendant Marathon Petroleum Company (Marathon) (erroneously referred to in the complaint as Marathon Oil Company). The removal petition states that plaintiffs are citizens of Michigan and that Marathon is a citizen of Ohio, maintaining its principal place of business also in Ohio. The removal petition does not mention defendant John Doe (Doe), except inferentially when it states "That no Defendant named within the said cause of action is a citizen of the State of Michigan." On the other hand, the complaint alleges that Doe "was an agent, employee and/or servant of MARATHON OIL COMPANY, which would be a resident of the Wayne County Metropolitan area." The complaint further alleged that Doe owed a duty to plaintiffs, which was breached, to properly inspect, maintain and repair the gas loading device owned by Marathon which, because it was defective, injured plaintiff Norman D. Zuellig. Plaintiffs have moved to remand the action for improvident removal on the grounds that Marathon has ignored the presence of Doe and has not established Doe's non-residency, contrary to the requirements of 28 U.S.C. § 1441(b). Marathon responds by arguing that the allegations of wrongdoing against Doe are insufficient concerning identity and conduct to justify consideration of his citizenship and that the primary defendant is Marathon. Marathon is wrong. This case is REMANDED to the Wayne County Circuit Court, and plaintiffs are AWARDED an attorney fee of $500, that being the amount of the bond posted to secure against improvident removal.

The law on John Doe defendants under the circumstances here stated has previously been discussed by former District, now Circuit, Judge Cornelia G. Kennedy in *Holloway v. Pacific Indem. Co., Inc.*, 422 F.Supp. 1036 (E.D.Mich.1976), and more recently in *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir.1985), and need not be repeated here. The allegations against Doe, while they replicate the allegations against Marathon, are sufficiently specific to require his elimination from the charges of wrongdoing by voluntary dismissal which could come, for example, if plaintiffs go to trial without serving Doe or if Marathon establishes that Doe was named for the fraudulent purpose of defeating removal. See the discussion in *Abels,* 770 F.2d at 32.

While it is likely the Court will revisit this case again, the defect in subject matter jurisdiction, i.e., lack of proof of the existence of diversity jurisdiction, is sufficiently glaring as to require Marathon to start over again if it desires to put its defenses to plaintiff's claim in a federal court.

SO ORDERED.