Ellice **WARNER**

v.

The **MUTUAL LIFE INSURANCE COMPANY OF NEW YORK,** et. al.

No. **CIV. A. 97–5332.**

United States District Court, E.D. Pennsylvania.

March 26, 1998.

---

Michael S. Durst, Herring & Herring, Philadelphia, PA, for Plaintiff.

Daniel J. Zucker, Philadelphia, PA, Denis C. Dice, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This case is once again before the Court upon plaintiff's motion and supplemental motion to remand the matter to the state court in which it was originally filed. After careful consideration, the motions to remand shall be granted and this case shall be ordered returned to the Court of Common Pleas of Philadelphia County.

### Facts

Plaintiff brought this suit for breach of contract against all of the defendants and for bad faith under 42 Pa.C.S. § 8371 against the Mutual Life Insurance Company of New York ("MONY"). According to the complaint, on May 8, 1991 defendant Milnazik, acting as the agent of defendants Marciano and MONY, went to plaintiff's office and conducted a personal history interview, and prepared and submitted plaintiff's application for a disability income insurance policy to be issued by MONY. (Pl's Complaint, ¶ s 13–15). MONY subsequently issued Plaintiff a disability income insurance policy on May 20, 1991, which policy had an annual premium of $1,992.20. (Pl's Complaint, ¶ s 16–18).

Five years later, in May, 1996, Ms. Warner submitted a claim to MONY for basic monthly income benefits under the disability policy asserting that she was totally disabled from her regular occupation due to chronic pain syndrome and fibromylagia. (Pl's Complaint, ¶ s 21–24). Following defendants' denial of this claim in March, 1997, plaintiff brought this suit in the Court of Common Pleas of Philadelphia County in August, 1997. On August 22, Defendant MONY removed the action to this Court on the basis of diversity jurisdiction. On September 16, 1998, Plaintiff moved for remand on the grounds that, contrary to defendant's notice of removal, the district court does not have diversity jurisdiction given that M.J. Milnazik & Associates is a citizen of Pennsylvania.

### Discussion

The principles and procedures governing removal of actions from a state court to a

federal forum are set forth in 28 U.S.C. § 1441, which states in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending ...

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

■ Thus, as § 1441(a)'s language indicates, removal under that section is proper only if the federal district court would have had original jurisdiction if the case was filed in federal court. *Brown v. Francis*, 75 F.3d 860, 864 (3rd Cir.1996). This jurisdictional prerequisite to removal is an absolute, non-waivable requirement in recognition of the fact that any action taken by a federal court in the absence of jurisdiction is necessarily void. *Id.*, citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3rd Cir.1985); *In Re Comcast Cellular Telecommunications Litigation*, 949 F.Supp. 1193, 1199 (E.D.Pa. 1996). Thus, the removal statute is to be strictly construed and all doubts resolved in favor of remand. If there is any doubt as to the propriety of removal, that case should not be removed to federal court. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3rd Cir.1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Ferraro v. Bell Atlantic, Co., Inc.*, 955 F.Supp. 354, 356 (D.N.J.1997).

■ Motions to remand, in turn, are governed by 28 U.S.C. § 1447. That statute provides, in relevant part:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....

It has long been recognized that on a motion to remand, the removing party, as the party urging the existence of jurisdiction, bears the burden of proving that jurisdiction exists. *Sanderson, Thompson, Ratledge & Zimny v. AWACS, Inc.*, 958 F.Supp. 947, 952 (D.Del. 1997), citing *Boyer*, 913 F.2d at 111.

A district court must consider a number of settled precepts in ruling on a petition to remand a case to state court for lack of diversity jurisdiction. Indeed, diversity jurisdiction is included in the definition of original jurisdiction outlined in 28 U.S.C. § 1332 as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, ....as plaintiff and citizens of a State or of different States.

■ When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined and he carries a heavy burden of persuasion in making this showing. *Batoff v. State Farm Insurance Co.*, 977 F.2d 848, 851 (3rd Cir.1992). Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Id.*, quoting *Boyer*, 913 F.2d at 111 and *Abels*, 770 F.2d at 32. But if there is even a possibility that a state court would

find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court. *Id.* Furthermore, where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. *Id.*

In this case, plaintiff alleges that Milnazik (acting as the agent, servant, workman and employee of MONY) negotiated and sold the disability insurance policy at issue to her after conducting a personal history interview and reviewing the application and other documents with her. (Pl's Complaint, ¶s 5, 7, 13–15). The complaint further avers that she gave notice to the defendants of her disability and claim and submitted proof of loss to them but that defendants refused to pay her the benefits to which she is entitled under the policy. (Complaint, ¶s30–32). Milnazik also allegedly failed to advise plaintiff that MONY would "frivolously and capriciously deny sound medical evidence of total Disability, would not honor its obligations under the policy without any sound basis in order to deny benefits by conducting a perfunctory review of [Warner's] claim and *a priori* denying it without reasonable cause." (Pl's Complaint, ¶ 33). All of these actions, plaintiff alleges, operated to breach defendants' "contractual undertakings" with her. (Complaint, ¶ 34).

■ Against this background of alleged facts, Defendant argues that the joinder of the agency defendant is fraudulent due to the fact that the policy was issued by MONY alone and therefore no privity of contract exists between the agency defendant and plaintiff.[1] While privity may not ultimately be shown to exist, we cannot definitively find based only upon the materials now before us that there is no reasonable basis in fact or colorable ground supporting the claim against Milnazik, or no real intention in good faith to prosecute the action against the

agency defendant or seek a joint judgment. *See, e.g.: Electron Energy Corp. v. Short,* 408 Pa.Super. 563, 597 A.2d 175 (1991); *General State Authority v. Coleman Cable & Wire Co.,* 27 Pa.Cmwlth. 385, 365 A.2d 1347 (1976) (both outlining elements needed to state cause of action for breach of contract under Pennsylvania law). We thus cannot find that defendant has met its burden of showing that the sole reason for plaintiff's inclusion of Milnazik as a defendant in this suit was fraudulent and to defeat diversity jurisdiction. *Batoff, supra,* at 851. Accordingly, we are compelled to grant plaintiff's motion(s) for remand.

An appropriate order follows.

### ·ORDER

AND NOW, this day of March, 1998, upon consideration of Plaintiff's Motion and Supplemental Motion to Remand this case to state court, it is hereby ORDERED that the Motions are GRANTED for the reasons set forth in the preceding Memorandum and this case is hereby REMANDED to the Court of Common Pleas of Philadelphia County.

---

1. By Stipulation of the parties, Defendant MONY/Marciano Associates was dismissed as a party from this case with prejudice on January 28, 1998. Accordingly, all future references to the "agency defendant" in this Memorandum are to Defendant M.J. Milnazik & Associates.