NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 07-3996

———

FIRST AMERICAN TITLE
INSURANCE CORPORATION

v.

JP MORGAN CHASE & CO.,
Successor by merger to Bank One,
NA as Trustee for the Benefit of the Certificate Holders
Under the Pooling and Servicing Agreement
Relating to the Mortgage Backed Pass
Through Certificates Series 2002-29;
IDEAL SETTLEMENT SERVICES, LLC

JP Morgan Chase & Co.,
Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-cv-00544)
District Judge: Honorable Nora B. Fischer

———

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2010

Before: SLOVITER, ROTH, and TASHIMA,* Circuit Judges
(Filed : June 10, 2010)

———

*Honorable A. Wallace Tashima, Senior Judge of the United
States Court of Appeals for the Ninth Circuit, sitting by
designation.

_____

OPINION
_____

SLOVITER, *Circuit Judge*.

JP Morgan Chase & Co. ("JP Morgan") appeals from the order of the District Court granting attorney's fees and costs under 28 U.S.C. § 1447(c) to the adverse party, First American Title Insurance Corporation, for removing the underlying action from state court. Because the merits of the parties' claims against each other will be decided by the state court to which the District Court remanded the action, we allude to them only briefly, concentrating instead on the award of fees and costs.

**I.**

**Background**

Allied Mortgage Group, Inc. ("Allied") made a $868,500 loan to Christopher Fekos that was secured by a mortgage on a property owned by Fekos (the "Allied Mortgage"). Allied purchased title insurance from First American, which in turn assigned its agent, Ideal Settlement Services ("Ideal"), to transact the closing and issue the policy. Allied later assigned the mortgage and the right to be indemnified under the title insurance policy to Bank One, NA, which subsequently merged with JP Morgan, the Appellant.

Ideal failed to promptly record that mortgage, and because Fekos subsequently

2

obtained two additional loans from other banks, each of which was secured by a mortgage on the Fekos property and was recorded before the Allied Mortgage, when the property was eventually foreclosed the Allied Mortgage was discharged without recovery.

First American, the title company, anticipated that JP Morgan – the holder of the mortgage at the time the complaint was filed – would sue to recover its loss, and therefore First American preemptively filed suit in Pennsylvania state court. Count One of the complaint sought a declaratory judgment that First American need not indemnify JP Morgan because "Bank One, JP Morgan's predecessor in interest, failed to provide First American with timely notice of the foreclosure action and Sheriff's Sale on the property, which prejudiced First American and violated the notice provision of the Policy." Appellee's Br. at 6-7. Count Two sought a declaratory judgment that, if First American was liable to JP Morgan, Ideal must indemnify First American for "any and all losses incurred in connection with [the] dispute" between JP Morgan and First American. Appellee's Br. at 7.

JP Morgan attempted to remove the suit to federal court under 28 U.S.C. § 1441 on the basis of diversity of citizenship between JP Morgan and First American, and there is no suggestion that they are not diverse. Ideal, on the other hand, is described in the complaint as a Pennsylvania limited liability company, and as such its citizenship is "determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The District Court found that "Ideal is, on the face of

3

the Complaint, a citizen of . . . Pennsylvania," App. at 17 n.4, a conclusion shared and reiterated by First American on appeal, *see* Appellee's Br. at 19 ("Because Ideal is a citizen of Pennsylvania . . . ."). Section 1441(b) authorizes removal "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Removal also requires unanimity among defendants, and the record does not reflect Ideal's consent. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). Acknowledging these obstacles, JP Morgan moved the District Court, in part, to realign Ideal as a co-plaintiff with First American because Ideal's "interests would be protected if First American's interpretation of the policy was correct and JP Morgan . . . was precluded from making a claim." Appellant's Br. at 8.

The District Court denied the motion, remanded the case to state court, and awarded First American $8,456.00 in attorney's fees pursuant to 28 U.S.C. § 1447(c). JP Morgan moved for reconsideration of the attorney's fees award only. The District Court denied that motion, stating that "a lack of jurisdiction is plain in this case and would have been revealed . . . with little to no research," and awarded First American an additional $8,992.00 for attorney's fees associated with litigating the remand motion. App. at 25. JP Morgan timely appealed.[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291 to hear JP Morgan's appeal of the award of attorney's fees under 28 U.S.C. § 1447(c). *Roxbury Condo. Ass'n v. Anthony S. Cupo Agency*, 316 F.3d 224, 226 (3d Cir. 2003).

## II.

## Discussion

"We review an award of attorneys' fees under section 1447(c) for abuse of discretion." *Roxbury Condo. Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 226 (3d Cir. 2003) (citation omitted). The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

JP Morgan argues that its position that Ideal could have been realigned was objectively reasonable. We agree. As JP Morgan asserts, the primary purpose of the underlying litigation is "to determine whether First American is liable on its policy," Appellant's Br. at 18, whereas "Ideal [is] in this case only because First American alleges if it is liable . . . then Ideal is liable over to it for negligently conducting the closing at which the lien was not timely recorded," Appellant's Br. at 19. Ideal and First American are therefore similarly situated to "insurers which insure the same risk." Appellant's Reply Br. at 3.

We have held that courts can realign such insurers – even those whose interests are potentially or actually adverse as to coverage – to be on the same side of a lawsuit for the purpose of finding or defeating diversity jurisdiction on the basis that they share a common interest in avoiding liability to the insured. *Employers Ins. of Wausau v.*

*Crown Cork & Seal Co.*, 942 F.2d 862, 863-67 (3d Cir. 1991).  It was not objectively unreasonable for JP Morgan to argue that this theory of realignment should similarly apply in removal actions.  *See Chi., R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 579-80 (1954) (realigning defendant as a plaintiff for purposes of § 1441 and affirming remand); *cf. Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc.,* 54 F.3d 156 (3d Cir. 1995) ("where party designations have jurisdictional consequences," a court must "align the parties before determining jurisdiction.") (internal citation and quotation omitted).  Under these circumstances, we cannot fault JP Morgan for its effort to realign the defendants.

As a result, we will not sustain the District Court's award of attorney's fees and costs against JP Morgan in connection with the removal action, and it follows that we will not sustain the award in connection with the motion for reconsideration.[2]

### III.

### Conclusion

For the reasons set forth above, we will reverse the District Court's order awarding attorney's fees and costs to First American.

---

[2] We do not hold that the District Court must or should have realigned Ideal.  We only hold that Ideal's arguments for an extension of the law were not objectively unreasonable.

TASHIMA, *Circuit Judge*, dissenting:

On this appeal from an order of the District Court awarding attorney's fees and costs under 28 U.S.C. § 1447(c), as the majority notes, we review the award for abuse of discretion. Maj. op. at 4-5 (quoting *Roxbury Condo. Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 226 (3d Cir. 2003)). Because I would affirm the District Court's order under that standard of review, I respectfully dissent.

Defendant Ideal Settlement Services, LLC, is clearly and indisputably a citizen of Pennsylvania. *See* Maj. op. at 3. This fact would ordinarily disqualify this case from being removed under 28 U.S.C. § 1441(b), which provides that a case may be removed only if none of the defendants "is a citizen of the State in which such action is brought." JP Morgan sought to circumvent this limitation in two ways. First, it argued that Ideal was fraudulently joined as a defendant in order to preclude removal. Second, it argued that Ideal should be realigned as a plaintiff. The District Court rejected both arguments, remanded the case to state court, and awarded fees to First American under § 1447(c). JP Morgan continues to pursue the same arguments on appeal as reasons why the District Court abused its discretion in awarding attorney's fees to First American.

*Fraudulent Joinder*[1]

---

[1] The majority does not address the District Court's rejection of JP Morgan's fraudulent joinder defense. I take this as a concession that fraudulent joinder does not constitute an objectively reasonable basis for removal.

The fraudulent joinder standard has been well-established for many years. *See, e.g., Boyer v. Snap-On Tools Corp.*, 913 F.2d 108 (3d Cir. 1990). There, this court held that "joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Id.* at 111 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). Thus, "[i]f there is even a possibility that a state court would find the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (internal quotation marks omitted). The District Court, in concluding that Ideal was not fraudulently joined, noted that "[u]nder Pennsylvania law, plaintiff properly requested declaratory relief against JP Morgan and Ideal." In contesting this finding, JP Morgan ignores binding Third Circuit case law and cites only a state appellate case from Texas in support of this argument. Such a slender reed cannot constitute an objectively reasonable basis for removal.

*Realignment of Ideal*

This circuit follows the "primary purpose" approach in determining how to align parties. *See Employers Ins. of Wausau v. Crown Cork & Seal Co.*, 942 F.2d 862, 864 (3d Cir. 1991). The District Court rejected JP Morgan's argument that Ideal should be realigned as a plaintiff because, under the primary purpose test, it is not proper to realign

-2-

parties "when there is an actual controversy between Plaintiff and the named defendants over the issue of Plaintiff's rights and Defendants' obligation under their agreements" (citing *Employers Ins.*, 942 F.2d at 865). The District Court correctly found that "the primary issue is JP Morgan's and Ideal's obligations to Plaintiff under the Defendants' respective agreements with Plaintiff." Thus, under *Employers Ins.*, it is clear that JP Morgan does not satisfy the primary purpose test for realignment. This, too, was clearly established Third Circuit law at the time JP Morgan moved to realign Ideal as a plaintiff.[2]

*The Standard for Attorney's Fees*

The Supreme Court has held that fees under § 1447(c) may be awarded when the removing party lacks "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). This standard does not require "a showing that the unsuccessful party's position was 'frivolous, unreasonable, or without foundation.'" *Id.* at 139. Neither does it require a showing of bad faith. *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996). All that is required for the exercise of the District Court's discretion in favor of the award of fees is that "the assertion in the removal petition that the district court had jurisdiction was . . . at best insubstantial." *Id.*

---

[2] *Chi., Rock Island & P.R. Co. v. Stude* 346 U.S. 574 (1954), cited by the majority, Maj. op. at 5, does not support JP Morgan's position. There, the Court held that in a condemnation proceeding the condemnee railroad was the plaintiff and, therefore, could not remove an action to federal court. Nothing in *Stude* supports the realignment of parties in order to facilitate removal.

at 1261. Neither of JP Morgan's arguments in support of removal constitutes an objectively reasonable basis for removal under controlling Third Circuit law – both are "at best insubstantial." That an argument could be made for the "extension of [Third Circuit] law," Maj. op. at 6 n.2, does not equate to an abuse of discretion by the District Court.[3]

As we said in *Mints*, in these circumstances, "we cannot possibly conclude that the district court abused its discretion in ordering [the removing defendant] to pay [the plaintiff's] attorney's fees and costs with respect to the motion to remand and for reconsideration." *Id.* (footnote omitted). Because, under our case law and standard of review, I see no basis for concluding that the District Court abused its discretion, I would affirm the award of attorney's fees and costs under § 1447(c).

---

[3] Nor is the test of whether the District Court abused its discretion in awarding fees under § 1447(c) whether we can subjectively conclude that "we cannot fault JP Morgan for its efforts to realign the defendants." Maj. op. at 6.

-4-