NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1442
_____

DEUTSCHE BANK NATIONAL TRUST CO.,
as Trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR11-Trust

v.

JAMES W. HARDING, JR., his heirs, devisees, and personal representatives
and his/her, their, or any of their successors in right, title and interest;
MRS. HARDING, wife of James W. Harding, Jr., her heirs, devisees, and
personal representatives and his/her, their, or any of their successors in
right, title and interest; JOHN OLMO, his heirs, devisees, and personal
representatives and his/her, their, or any of their successors in right, title
or interest; CARALEE OLMO, his wife, her heirs, devisees, and personal
representatives and his/her, their, or any of their successors in right,
title and interest; WINDING CREEK AT OLD TAPPAN
CONDOMINIUM ASSOCIATION INC.

James W. Harding, Jr.; John J. Olmo; Caralee Olmo,

                                        Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-13-cv-02960)
Honorable Peter G. Sheridan, District Judge

_____

Submitted under Third Circuit LAR 34.1(a)
June 14, 2016

BEFORE:  AMBRO, JORDAN, and GREENBERG, Circuit Judges

(Filed:  July 22, 2016)

_____

OPINION*
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.

Plaintiff-appellee originally filed this foreclosure action in a New Jersey state court, but defendants-appellants filed an answer with counterclaims and thereafter removed the case to the District Court. Clearly, plaintiff did not object to the removal as it did not move to remand the case to the state court. Ultimately, the parties filed cross-motions for summary judgment and, after the District Court granted plaintiff's motion and denied defendants' motion in a January 20, 2015 order, defendants appealed. We do not reach the merits of the issues raised on this appeal because in examining the District Court's jurisdiction, <u>see, e.g.</u>, <u>In re Guild & Gallery Plus, Inc.</u>, 72 F.3d 1171, 1176 (3d Cir. 1996), we conclude that the District Court lacked subject matter jurisdiction and therefore the removal was improper. Accordingly, we will vacate the District Court's order on the summary judgment motions and will remand the case to that Court so that it, in turn, can remand the case to the state court where it should have remained. <u>See</u> 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district

_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

and division embracing the place where such action is pending." The statute thus authorizes the removal of a civil action from state court to federal court only "when the state-court action is one that could have been brought, originally, in federal court." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 81, 126 S.Ct. 606, 608 (2005). In their notice of removal, defendants contended that this action originally could have been brought in a federal court because "the resolution of Plaintiffs' claims will require adjudication of disputed questions of federal law." (A407 (citing 28 U.S.C. § 1331)). Nevertheless, the record on appeal and the parties' briefs make clear that there is no federal question jurisdiction in this matter. Moreover, the parties do not contend that there is diversity of citizenship between the plaintiff and the defendants. Therefore, the case must be remanded to the state court.

The Supreme Court has explained that a court determines if there is federal question jurisdiction in removal cases by use of the well-pleaded complaint rule, which provides that there is federal question jurisdiction only when the face of a properly pleaded complaint asserts a federal question. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). The face of the complaint in this case does not contain a basis on which federal question jurisdiction may be predicated. Indeed, defendants, now appellants, assert in their brief that the federal question on which they rely for removal purposes "was presented . . . by way of a counterclaim that was filed by Appellants in response to the state court foreclosure complaint . . . ." Appellants' br. at 1; (A441-44). But, as is well established, a federal question cannot be predicated on a defense or a counterclaim. Vaden v. Discover Bank, 556 U.S. 49, 60, 129 S.Ct. 1262,

3

1272 (2009); <u>Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 830, 122 S.Ct. 1889, 1893 (2002); <u>see also</u> <u>Oak Knoll Vill. Condo. Owners' Ass'n v. Jaye</u>, No. 15-CV-5303, 2015 WL 4603715, at *2 (D.N.J. July 30, 2015) ("It is well-settled that a federal question appearing in a counterclaim is insufficient to establish federal question jurisdiction before this Court.").

Inasmuch as the complaint in this case is a straightforward state-law foreclosure complaint, it does not provide a basis for federal question jurisdiction and thus this action could not have originally been brought in federal court. Consequently, it was not removable under 28 U.S.C. § 1441(a). We recognize, of course, that the parties have expended a considerable amount of time and resources litigating this case in the District Court. Nevertheless, "subject-matter delineations must be policed by the courts on their own initiative even at the highest level." <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583, 119 S.Ct. 1563, 1570 (1999). Moreover, we have explained that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." <u>Frederico v. Home Depot</u>, 507 F.3d 188, 193 (3d Cir. 2007); <u>see also</u> <u>Abels v. State Farm Fire & Cas. Co.</u>, 770 F.2d 26, 29 (3d Cir. 1985) (explaining that a "lack of [subject matter] jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile").

Thus, even though the parties have expressed a desire for us to permit this case to remain in federal court, we cannot do so because there is not "a firm bedrock of jurisdiction" for this case. <u>Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n</u>, 554 F.2d

4

1254, 1256 (3d Cir. 1977). The case must be remanded to the state court from which it was removed. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94, 118 S.Ct. 1003, 1012 (1998). Accordingly, we will vacate the judgment of the District Court and will remand the case to that Court so that it can remand the case to the state court.