Robert COOK and Idessa Cook, h/w

v.

PEP BOYS—MANNIE, MOE & JACK, INC.

and

Gilbarco, Inc. Exxon Corporation

and

Samuel Ross, Individually, t/a Samuel Ross Construction and S.A.R.

No. 84–5271.

United States District Court, E.D. Pennsylvania.

May 20, 1985.

Jimmie Moore, Phila., Pa., James J. McEldrew, III, Phila., Pa., for plaintiffs.

Samuel Ross, by Joseph C. DeMaria, Phila., Pa., Pep Boys—Mannie, Moe & Jack, Inc. by John S. Tucci, Phila., Pa., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiffs, Robert and Idessa Cook, initiated this lawsuit in the Court of Common Pleas of Philadelphia County in July 1984. The named defendants were Pep Boys—Mannie, Moe & Jack, Inc. ("Pep Boys"); Gilbarco, Inc.; Exxon Corporation; and Samuel Ross individually and trading as Samuel Ross Construction and S.A.R. The suit alleges a number of different tort claims against the defendants based upon injuries allegedly sustained by plaintiff Robert Cook while working for defendant Pep Boys. The injury was allegedly caused by a hydraulic lift manufactured by Gilbarco, Inc. and distributed by Exxon Corporation which had been serviced by defendant Samuel Ross and his related corporations Samuel Ross Construction and S.A.R.

On October 4, 1984, the Court of Common Pleas granted the unopposed motion of defendant Pep Boys for judgment on the pleadings. Pep Boys was the only Pennsylvania defendant. Plaintiffs are also citizens of Pennsylvania.

On October 29, 1984, defendants Exxon Corporation and Gilbarco, Inc. removed the action from the Court of Common Pleas to this court on the basis of diversity of citizenship. Thereafter, plaintiffs filed a motion to remand and defendant Exxon Corporation filed a motion for summary judgment. Since the parties have stipulated to dismissal of Exxon Corporation, the motion for summary judgment will be denied as moot. Defendant Gilbarco, Inc. has responded to plaintiffs' motion to remand and it is now ripe for disposition.

The motion to remand contends that removal was improper because diversity of citizenship did not exist at the time the complaint was filed in the state court. Gilbarco responds that full diversity came about only after the Court of Common Pleas dismissed Pep Boys as defendants on October 4, 1984, and that removal was accomplished promptly thereafter.

The state court's dismissal of the nondiverse defendant would not be sufficient to justify removal to a federal forum if, as plaintiffs contend, the governing principle is that diversity must exist both at the time of removal and at the time of the filing of the complaint in the state court. Substantial authority points in that direction. *E.g., Unanue v. Caribbean Canneries, Inc.,* 323 F.Supp. 63 (D.Del.1971); *Carlton Properties, Inc. v. Crescent City Leasing Corporation,* 212 F.Supp. 370 (E.D.Pa.1962); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723 at 312 (1985). Furthermore, this rule is undergirded by common sense:

> The purpose of requiring diversity to exist at both times apparently is to prevent a nondiverse defendant from acquiring a new domicile after commencement of the state suit and then removing

on the basis of the newly created diversity of citizenship.

C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723 at 312 (1985).

However, an exception to this rule has been created to preclude a plaintiff from anticipatorily defeating removal of a diversity case by joining, at the inception of the case, an unnecessary nondiverse defendant. Therefore, when the nondiverse party is dropped from the suit while it is pending before the state court, removal is proper thereafter. *See* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723 at 314 (1985). However, it is established that removal subsequent to state court dismissal of the nondiverse defendant is available only when the nondiverse party is dropped pursuant to a voluntary action on the part of plaintiff. *E.g., Self v. General Motors Corp.,* 588 F.2d 655 (9th Cir.1978): *Atlanta Shipping Corp. v. International Modular Housing, Inc.,* 547 F.Supp. 1356 (S.D.N.Y.1982). This voluntary/involuntary distinction has been justified on the ground that an involuntary dismissal of a nondiverse party might be reversed by the state courts on appeal but this would be precluded by the removal of the litigation prior to consideration of that issue by the appellate courts of the state.[1]

Gilbarco contends that the dismissal of Pep Boys from the state court action should be deemed a voluntary dismissal because the plaintiffs did not oppose the motion for judgment on the pleadings filed by the nondiverse defendant and granted by the state court. In addition, defendants note that plaintiffs did not appeal the dismissal of Pep Boys, thereby obviating the argument that removal would bar the state

---

1. Gilbarco, Inc. contends that removal is appropriate in this case because it is statutorily authorized by 28 U.S.C. § 1446(b). That provision states, in pertinent part:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

However, this statute has not been interpreted as an alteration of the voluntary/involuntary distinction which governs the availability of removal when a nondiverse party is dismissed from a state court action. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723 at 318 (1985).

appellate courts from considering the propriety of the dismissal of the nondiverse party. Defendants assert that these failures to act on the part of the plaintiffs amount to consent to the dismissal of Pep Boys and are the functional equivalent of a voluntary dismissal. *Quinn v. Aetna Life & Casualty Co.,* 616 F.2d 38, 40 n. 2 (2d Cir.1980).

█ However, it is the party seeking to establish that removal was proper which shoulders the burden of proof. In the present case, Gilbarco has not presented any authority for the proposition that plaintiffs could have appealed the dismissal of a single defendant prior to the resolution of the entire state suit. *See Samuels v. Hendricks,* 300 Pa.Super. 11, 445 A.2d 1273, 1277 (1982) ("[t]o be appealable, an adjudication must be final as to all parties and as to the whole of the subject matter.") Although it is possible that the order granting the unopposed motion for judgment on the pleadings was appealable, I have no basis on which I can so conclude on the present record nor do I have a basis for concluding that the failure to appeal that order soon after it was issued waived any right that the plaintiffs would have had to appellate review of that issue at some future time. Therefore, I cannot justify the removal of this litigation to a federal forum by treating the plaintiffs' failure to oppose the motion for judgment on the pleadings as equivalent to consent to the dismissal of Pep Boys.

█ Gilbarco also relies on the so-called "fraudulent joinder" doctrine as an alternative basis for removal despite the lack of complete diversity at the time the complaint was filed. If the nondiverse party is found to have been "fraudulently" joined, it may be dismissed and ignored for purposes of determining whether the case was properly removed to federal court. The application of this principle does not require a showing of "fraud" in the conventional understanding of the term. *Newman v. Forward Lands, Inc,* 418 F.Supp. 134, 136 n. 1 (E.D.Pa.1976); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723 at 354 (1985). Subsumed under the label "fraud" is the question whether plaintiffs had any colorable basis for including the nondiverse party among the defendants. *E.g., Buchanan v. Delaware Valley News,* 571 F.Supp. 868 (E.D.Pa.1983); *Castner v. Exxon Co., U.S.A.,* 563 F.Supp. 684 (E.D.Pa.1983); *Newman v. Forward Lands, Inc.,* 418 F.Supp. 134 (E.D.Pa.1976).

The complaint in this case alleges that plaintiff Robert Cook was injured while working for Pep Boys. The complaint goes on to allege that Robert Cook's employer should be liable to him for those injuries under theories of strict liability, negligence and intentional misconduct. Pep Boys is said to have breached its duty to warn Cook of the potential dangers posed by the hydraulic lift, that it failed to correct the dangers in the lift and that it failed to inspect the lift.

As was noted in the motion for judgment on the pleadings which was granted by the Court of Common Pleas, actions by a worker against his employer are generally barred by the Pennsylvania Workmen's Compensation Act, 77 Pa.Stat.Ann. § 1 *et seq.* In particular, section 481 makes the remedies available under that Act exclusive.

█ Few exceptions have been recognized to this rule of exclusivity. Plaintiffs have not suggested any exception to this rule which would be applicable to the present claims. For example, the "dual capacity" doctrine applies when the employer can be said to have contributed to the employee's injury through actions of the employer taken in a capacity other than that of employer (e.g., as manufacturer of a defective product). However, Pennsylvania courts have not applied the dual capacity doctrine to suits against the employer who was also the manufacturer of a defective product when the injury was sustained at work. *E.g., Silvestri v. Strescon Industries,* 312 Pa.Super. 82, 458 A.2d 246, 247 (1983); *Anastasi v. Pacor, Inc.,* 7 Phila. 488, 516 (Ct.Common Pleas 1982), appeal

pending No. 910 Phila. 1983 (Pa.Super.Ct. filed April 7, 1983).

■ The complaint states that plaintiff's injury occurred while he was working and gives no indication that the employer was in any sense responsible for manufacturing the lift in question. Therefore, there appears to be no basis for application of the dual capacity doctrine. Those allegations also make inapplicable the exception to the exclusive remedy of the Workmen's Compensation Act which arises when the injury was not incurred in the course of employment. 77 Pa.Stat.Ann. § 411(1).

■ Another basis for avoiding the exclusivity provisions of the Workmen's Compensation Act is the existence of some contractual waiver of that provision of the Act. *Dech v. Rouselle Corp.*, 512 F.Supp. 1024 (E.D.Pa.1981). No such contract is alleged to have existed in the present case.

■ Finally, a limited judicially-created exception to the exclusivity provisions of the Workmen's Compensation Act has been established for intentional torts. *E.g., Kohr v. Raybestos Manhattan, Inc.*, 626 F.Supp. 20 (E.D.Pa.1985); *Readinger v. Gottschall*, 201 Pa.Super. 134, 191 A.2d 694 (1963); *Beal v. Hollimon*, 8 Pa.D. & C.2d 758 (1979). A claim of intentional wrongdoing on the part of the employer is presented in the complaint in this case. However, that portion of the complaint alleges merely that "the acts, omissions and negligence of defendants were willful, deliberate, intentional, wanton, outrageous and in reckless disregard of the rights and safety of Plaintiff." Complaint at ¶ 30. Such broad and vague allegations are not sufficient to state a claim against an employer for intentional conduct which falls outside of the exclusive remedies of the Workmen's Compensation Act. *Kohr, supra.* Furthermore, none of the more specific allegations regarding the employer's conduct, if treated as allegations of intentional action or inaction on the part of the employer, discuss the types of conduct which fall within the narrow class of claims which may be brought against an employer.

Defendant's bear the burden of establishing that removal was proper. In the present case they have raised the question of fraudulent joinder of the nondiverse defendant and have supported their position that the joinder of that party was "fraudulent" by reference to the arguments presented in support of the motion for judgment on the pleadings. In addition, they have noted that plaintiffs did not respond to that motion when it was filed in the Court of Common Pleas—a posture which can be thought to provide further evidence that plaintiffs had not asserted and were unable to assert a colorable claim against the employer defendant.

■ Plaintiffs have not responded to these arguments. On the present record, therefore, I must conclude that the joinder of Pep Boys in the state court litigation was "fraudulent" as that term is used in determining whether diversity jurisdiction should have existed at the time the complaint was filed in the state court.[2] Accordingly, removal of this case to the federal court was proper and the motion to remand will be denied.

An order reflecting this determination follows.

---

2. The time limits in 28 U.S.C. § 1446 for the filing of a removal petition are ignored when removal is sought on the ground of fraudulent joinder of a nondiverse party. In such cases, the removal petition need only be filed within a reasonable time after defendant learns of the fraudulent joinder. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3732 at 530 (1985). Therefore, the filing of the removal petition within thirty days of the state court ruling on the motion for judgment or the pleadings does not appear to have been untimely.