Charles E. ABELS, Irene C.
Abels, Plaintiffs,

v.

**STATE FARM FIRE AND CASUALTY COMPANY and Does 1 through 10, inclusive, Defendants.**

Civ. A. No. 87–2164.

United States District Court,
W.D. Pennsylvania.

Sept. 2, 1988.

James L. Crandall, Tod M. Castronovo, Hill Genson Even Crandall, Los Angeles, Cal., Paul K. Geer, Jones, Gregg, Creehan & Gerace, Pittsburgh, Pa., for State Farm Fire and Cas. Co.

Daniel P. Powell, West Powell & Glass, Los Angeles, Cal., Mark B. Aronson, Pittsburgh, Pa., for Abels.

## MEMORANDUM OPINION

COHILL, Chief Judge.

Before us, for the second time, is defendant State Farm Fire & Casualty Company's ("State Farm") motion to dismiss. For the reasons set forth below, we will deny the motion to dismiss and once again order the case remanded to California.

*Background*

This case arises as a result of a fire which occurred at the plaintiffs' residence in Beaver Falls, Pennsylvania on October 19, 1981. At the time of the fire the plaintiffs were en route to California where they intended to live. Their house in Beaver Falls was for sale at the same time and was insured by State Farm under a homeowner's policy.

In November, 1981, plaintiffs filed a claim for $59,300 under the policy. After investigating the fire, State Farm denied coverage, based in part on its belief that the fire was of incendiary origin and caused by the plaintiffs.

Plaintiffs filed an action against State Farm and various Doe defendants in the Superior Court for the State of California, County of Los Angeles on December 2, 1982, alleging breach of duty of fair dealing and good faith, breach of fiduciary duties and unfair insurance practices. The Doe defendants were identified as employees and agents of State Farm who were responsible for processing plaintiffs' insurance claim.

On February 9, 1983, State Farm removed the case to the United States District Court for the Central District of California alleging diversity of citizenship based on the complaint's description of plaintiffs as California residents, and State Farm, as an Illinois business corporation, and despite the fact that the Doe defendants were all alleged to be California residents. Thus began the storied travels of the record in this case.

State Farm next moved to transfer the case to this court pursuant to 28 U.S.C. § 1404. This motion was initially denied. Plaintiffs thereafter moved to amend their complaint so that two of the Doe defendants would be named. Since these named individuals were specifically alleged to be California residents, plaintiffs moved for remand as well, arguing that the amendment of the complaint would destroy diversity. Without ruling on plaintiffs' motion, the California District Court reconsidered State Farm's motion to transfer, *sua sponte*, and granted the transfer in July of 1983. Plaintiffs attempted to prevent this transfer through a petition for Writ of Mandamus to the Ninth Circuit Court of Appeals but were unsuccessful.

Once the case arrived here, State Farm filed a motion to dismiss based on plaintiffs' failure to comply with a one-year limitation period set forth in the insurance policy. Plaintiffs had not served State Farm with copy of their complaint until more than a year after the fire occurred, and State Farm therefore argued that plaintiffs' claims are time-barred. Applying California choice of law rules we determined that Pennsylvania law governs the dispute and that under Pennsylvania law

plaintiffs' claims are indeed barred. Accordingly, we granted State Farm's motion to dismiss. *Abels v. State Farm Fire & Cas. Co.*, 596 F.Supp. 1461 (W.D.Pa.1984).

Plaintiffs appealed this decision to the United States Court of Appeals for the Third Circuit, which vacated our order, holding that the subject matter jurisdiction for removal of this case to the federal courts did not exist. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir.1985). No decision or analysis was made as to whether our choice and application of Pennsylvania law in finding that plaintiffs' claims are time-barred was correct. Instead, the court indicated that inasmuch as the Doe defendants were alleged to be California residents in the original complaint, and because the plaintiffs' Doe allegations have sufficient basis and that plaintiffs did not appear to have been fraudulently joined in an attempt to avoid diversity, diversity was found to be lacking. Accordingly, the case was remanded to us, and we were directed to further remand this action to the California state court in which these proceedings began.

On remand, State Farm moved to dismiss all of the Doe defendants, arguing that none had been served within the three year limitation period proscribed by California state law. This motion was granted by an order dated March 23, 1987. Plaintiffs filed a petition for writ of mandate, seeking review of this dismissal with the Second District of the Court of Appeals of the State of California on March 31, 1987. Petition for Removal, ¶ 9.

State Farm then petitioned a second time for removal of this action on April 14, 1987. *Id.* at ¶ 10. On May 11, 1987, though, plaintiffs' case was remanded again to the California Superior Court, "presumably on the basis of the pending petition for writ of mandate." *Id.* at ¶ 11.

On May 14, 1987, plaintiffs' petition for writ of mandate was denied. State Farm asserts that the Supreme Court of California also denied Plaintiffs' petition for review, by an order dated July 2, 1987. State Farm's Brief in Response to Plaintiffs' Opposition Brief, 5. A third petition for removal of this action was then filed on June 5, 1987, and a second motion to transfer was filed by State Farm on August 27, 1987. This motion was again granted by the United States District Court for the Central District of California, by order dated September 9, 1987. Thus, this action has come to us a second time with State Farm presenting the same motion to dismiss which we granted in 1984.

State Farm argues in support of its present motion that our substantive analysis of its first motion was not overruled by the Third Circuit and since plaintiffs have presented no new law or evidence to supplement their previous argument, we should grant the present motion based on our previous analysis.

Plaintiffs contend that subject matter jurisdiction is again improper because the California district court "abused its discretion" in transferring the case here, where plaintiffs' claims have been found to be time-barred, and also by transferring the case before a final appellate decision on the state court's dismissal of the Doe defendants was made. Plaintiffs also invite us to review the state court dismissal of the Doe defendants.

*Discussion*

■ As State Farm has indicated, it is beyond our authority to review the decision of the California federal district court to transfer the case here. *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162 (3d Cir.1982) (decision by transferor court to transfer case pursuant to § 1404(a) "for the convenience of the parties and witnesses" and "in the interests of justice" is not reviewable by transferee court; opposing party should instead seek review through motion for reconsideration or by writ of mandamus to court of appeals of the circuit in which the transferor court is located).

■ However, we may determine whether federal subject matter jurisdiction exists if such a determination has not previously been made. Indeed, the Third Circuit Court's earlier review of the instant action was addressed to the question of whether removal jurisdiction existed when this case

was first removed; such review was found not to interfere with the transferor court's conclusion that a transfer would serve the interests of justice and was possible because no record determination had previously been made as to whether federal subject matter jurisdiction was present. *Abels,* 770 F.2d at 28 n. 1 and n. 2. *See Hayman,* 669 F.2d at 166 (transferee court may make a determination of venue and jurisdiction when this determination has not been previously made by transferor court) (citing *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)).

■ In this case we find that the propriety of federal subject matter jurisdiction has still not been considered. The record reveals no consideration of the issue, nor has State Farm directed us to, or provided us with, any discussion thereof, despite plaintiffs' present arguments that subject matter jurisdiction does not exist. We acknowledge State Farm's belief that its second removal of this action to California federal district court was remanded because plaintiffs' petition for writ of mandate was pending. However, since defendant only "presumes" that this remand was ordered because of the pending petition, Petition for Removal, ¶ 11, we do not find that full and actual consideration was given to whether the finality of the decision to dismiss the Doe defendants allowed this action to be removed, or, indeed, whether subject matter jurisdiction was examined at all. Accordingly, we are not precluded from presently examining its existence. We also note that plaintiffs' argument that federal subject matter jurisdiction does not exist is based primarily on "abuse of discretion" claims. To the extent we inquire beyond these claims, we do so *sua sponte. See Carlsberg Resources Corp. v. Cambria Savings & Loan Assn.,* 554 F.2d 1254 (3d Cir.1977) (federal court may address existence of subject matter jurisdiction *sua sponte* ).

■ State Farm, in its most recent petition for removal, based removal jurisdiction on diversity of citizenship, suggesting that dismissal of the Doe defendants had removed any nondiverse parties from the action. Petition for Removal, ¶¶ 4–12. 28 U.S.C. § 1446(b) permits removal of a case which initially could not be removed but later becomes removable by some pleading, motion or order.

However, § 1446(b) has been construed in a manner which draws into question whether removal jurisdiction came into existence in this case through dismissal of the Doe defendants. Section 1446(b) has been interpreted as providing that "[i]f, ... apart from fraudulent joinder, plaintiff states a nonremovable case in his initial complaint, involuntary changes will not make the case removable; they must have been brought about by the voluntary act of the plaintiff." 1A J. Moore, B. Ringle & J. Wickler *Moore's Federal Practice,* ¶ 0.168 [3.–5–6] at 597 (2d Ed.1987). *See also Rowe v. Johns–Manville Corp.,* 658 F.Supp 122 (E.D.Pa.1987) (voluntary dismissal of nondiverse defendants by plaintiff renders case removable); *Cook v. Pep Boys,* 641 F.Supp. 43 (E.D.Pa.1985) (where parties become diverse through dismissal of nonadverse defendant, such dismissal must have occurred pursuant to voluntary action by plaintiff in order for removal to be proper); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* § 3723 (2d ed. 1985) (Section 1446(b) incorporates distinction between voluntary and involuntary dismissal of nondiverse parties).

Here, the dismissal of the Doe defendants was unquestionably involuntary. Plaintiffs sought to prevent this dismissal in the state trial and appellate courts of California. Thus, it appears that removal was again improper.

■ As previously noted, an exception to this voluntary/involuntary distinction exists where the dismissed nondiverse parties were joined "fraudulently" at the inception of the case; that is, where unnecessary nondiverse defendants are named in the initial complaint to defeat removal of a case based on diversity. *Cook,* 641 F.Supp. at 45 (if nondiverse party is found to have been fraudulently joined in state court, joinder may be ignored for purposes of determining whether a case was properly removed to federal court). However, the

Third Circuit Court of Appeals has already addressed this issue in this case. In directing that this action be remanded to the California state courts, the Third Circuit found that the plaintiffs had evidenced a subjective intent to actually proceed against the Doe defendants and also that an objective basis in fact may have existed for plaintiffs' claims against the Doe defendants; therefore, the Third Circuit held that the Doe defendants were not fraudulently joined. Consequently, the fraudulent joinder exception does not apply here.

We also recognize the argument that the underlying concerns of the voluntary/involuntary distinction may have been met because the California state court's decision to dismiss the Doe defendants has become final through appeal. *Cook,* 641 F.Supp. at 45 (the voluntary/involuntary dismissal has been justified on the ground that an involuntary dismissal of a nondiverse party might be reversed by state courts on appeal but this would be precluded by removal of the litigation prior to consideration of that issue by the appellate courts of the state). In this regard plaintiffs have argued before us that the transferor court abused its discretion in ordering this action transferred here a second time before plaintiffs' state court appeals of the order of dismissal were final. The record indicates, however, that plaintiffs' petition for writ of mandate to the California State Court of Appeals was denied, and State Farm claims the California Supreme Court has also declined to review the dismissal. Thus, reversal of the decision to dismiss the Doe defendants is unlikely, if not precluded.

We conclude, though, that even if the decision to dismiss the Doe defendants has become final through appeal, such finality does not satisfy the voluntary/involuntary distinction for purposes of removal. We acknowledge that the United States District Court for the Eastern District of Pennsylvania might hold otherwise, *see Cook, supra,* and that other courts have found that involuntary dismissal of nondiverse defendants does not prevent removal where a state court decision to dismiss such defendants has been finalized by ap-

peals. *See LGP Gem. Ltd. v. Cohen,* 636 F.Supp. 881, 883 (S.D.N.Y.1986) (it is the finality of the dismissal, not plaintiff's participation in it which determines removability). *See also Quinn v. Aetna Life and Casualty Co.,* 616 F.2d 38 (2d Cir.1980); *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545 (5th Cir.1967); *Burke v. General Motors Corp.,* 492 F.Supp. 506 (N.D.Ala.1980); *Saylor v. General Motors Corp.,* 416 F.Supp. 1173 (E.D.Ky.1976); *Ennis v. Queen Ins. Co. of America,* 364 F.Supp. 964 (W.D.Tenn.1973). However, the Court of Appeals for the Third Circuit has yet to provide any guidance on this point, and we, therefore, are not bound by these other decisions. Conducting our own analysis of the issue, we believe the better rule and interpretation of § 1446(b) and the voluntary/involuntary distinction is expressed in *Self v. General Motors Corp.,* 588 F.2d 655 (9th Cir.1978) and *Jenkins v. Nat. Union Fire Ins. Co. of Pennsylvania,* 650 F.Supp. 609 (N.D.Ga.1986).

In *Self,* the voluntary/involuntary distinction was recognized as having been defined by several Supreme Court decisions circa 1900. 588 F.2d at 658. Based on these decisions, the Court of Appeals for the Ninth Circuit concluded that the finality of state court proceedings which give rise to diversity are not the basis for this distinction, distinguishing the *Weems* and *Ennis* decisions, *supra. Id.* ("The Supreme Court, however, apparently does not rely on this basis as evidenced by *Lothrop, Shea & Heywood Co. v. Interior Const. & Imp. Co.,* 215 U.S. 246, 249–51, 30 S.Ct. 76, 77–78, 54 L.Ed. 177, where the voluntary-involuntary rule was invoked to prohibit removal even though the state appellate process was complete.")

In a well-reasoned opinion, the federal district court in *Jenkins* explains:

Though most of the Supreme Court cases discussing the voluntary-involuntary rule contain no discussion of the rule's rationale, the few cases that do contain such a discussion point to a policy much different from the appealability/finality rationale. After summarizing the voluntary-involuntary rule cases, in-

cluding *Powers* [*v. Chesapeake and O. Ry.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898) ] [*Kansas City Suburban Belt Ry. Co. v.*] *Herman* [187 U.S. 63, 23 S.Ct. 24, 47 L.Ed. 76 (1902) ], *Lothrop, Shea and Henwood Company*, and [*American Car & Foundry Co. v.*] *Kettelhake* [236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594 (1915) ], the Supreme Court in [*Great No. Ry. Co. v.*] *Alexander* [246 U.S. 276, 38 S.Ct. 237, 62 L.Ed.2d 713] stated:

> The obvious principle of these decisions is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and that *this power to determine the removability of his case continues with the plaintiff throughout the litigation,* so that whether such a case non-removable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, *in invitum,* order, but *solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.*

246 U.S. at 282, 38 S.Ct. at 239–40 (emphasis added).

What emerges from an examination of the Supreme Court cases on the voluntary-involuntary rule is the conclusion that the rule is not based upon an appealability/finality rationale but upon a policy favoring the plaintiff's "power to determine the removability of his case." It could perhaps be argued that the policy is antiquated or arbitrary, but the Supreme Court has never expressed dissatisfaction with the only justification it ever offered for the voluntary-involuntary rule. More importantly, whatever the actual justification for the voluntary-involuntary rule, the Supreme Court cases make it clear that finality is *not* synonymous with voluntariness. Otherwise, removal should have been allowed in *Whitcomb, Herman, Lathrop, Shea*

*and Henwood Company,* and *Alexander* [cases which were recognized as having found removal improper even though involuntary dismissal of nondiverse defendants had become final on appeal].

650 F.Supp. at 614–15 (citations and footnotes omitted). *See also Strasser v. KLM Dutch Royal Airlines,* 631 F.Supp. 1254 (C.D.Cal.1986).

Applying the rule of *Self* and *Jenkins,* therefore, we conclude that removal was again improper in this case. It is of no consequence that the state court decision to dismiss the Doe defendants may have become finalized by appeals. Accordingly, we will direct that this action be remanded to the Supreme Court of California, County of Los Angeles. *See* 28 U.S.C. § 1447(c). Defendant State Farm's present motion to dismiss therefore becomes moot before us and will be denied as moot. State Farm may, of course, present the motion in California state court.

An appropriate order will issue.

## ORDER

AND NOW, to-wit, this 2nd day of September, 1988, for the reasons set forth in the accompanying Memorandum Opinion, IT IS HEREBY ORDERED, ADJUDGED and DECREED that defendants' Motion to Dismiss be and hereby is DENIED; IT IS FURTHER ORDERED that the above-captioned case be and hereby is REMANDED to the Superior Court for the State of California, County of Los Angeles. IT IS FURTHER ORDERED that the Clerk of Court for the Western District of Pennsylvania shall transfer the entire record of said case to said Superior Court of California forthwith.